# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| **THE WITTERN GROUP, INC.,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **NOUFAL BABU PALLIPARAMBAN,** <br> **a/k/a NOUFAL BABU,** <br><br> **Defendant.** | Case No. **4:24-cv-00151-RGE-SBJ** <br><br><br> **DEFENDANT'S SWORN DECLARATION REGARDING COMPLIANCE WITH PERMANENT INJUNCTION** |

I, **Noufal Babu Palliparamban** (a/k/a **Noufal Babu**) ("Declarant"), declare as follows:

1. I am the Defendant in this action and make this declaration based on my personal knowledge.

2. I submit this sworn declaration pursuant to Paragraph 4 of the Court's Permanent Injunction Order dated December 10, 2025 (the "Injunction").

3. For purposes of this declaration, "TWG Trade Secret Information" has the meaning set forth in the Permanent Injunction Order.

### A. No Possession, No Use, No Disclosure; No Derived Products

4. I am not in possession, custody, or control of any TWG Trade Secret Information, and I do not have access to it in any form.

5. Since entry of the Injunction, I have not used, accessed, reviewed, copied, stored, transmitted, disclosed, or distributed any TWG Trade Secret Information, directly or indirectly, to any person or entity.

6. I have not developed, prepared, maintained, commercialized, marketed, sold, licensed, leased, offered for sale, or distributed any product, application, database, system, or service that is designed, developed, based on, referencing, or derived from TWG Trade Secret Information.

**B. Deletion and Removal Actions Taken (Including Devices, Accounts, and Storage Locations)**

7. Following the entry of the injunction, and consistent with my prior statements, all thumb drives previously in my possession were already provided to TWG, and no data was copied or transferred to any other devices or accounts. In full compliance with the Court's order, I conducted a comprehensive, reasonable, and good-faith search for any materials, files, or information containing or referencing the trade secret information of The Wittern Group, Inc.

    The search was conducted on January 16, 2026 using devices, accounts, and storage services within my possession, custody, or control, including the following:

    Devices searched:

    - iPhone 15 Pro (personal mobile phone)
    - Laptop Computer:

      A personal laptop computer that I previously used remains in the possession of TWG forensic team. and is not within my possession, custody, or control. Because the device remains with TWG, I do not have access to it and therefore could not conduct any search of that device.

    Email accounts searched:

    - noufalbabu@gmail.com
    - noufal.babu@outlook.com
    - connct.babu@gmail.com
    - noufalbabu@yahoo.com

    Cloud storage accounts:

    - iCloud - noufalbabu@gmail.com
    - Google Drive - noufalbabu@gmail.com

    Keyword search terms used:

    - Wittern
    - Vending
    - K2
    - SBC
    - WFC

8.  Searches were conducted using the email search functions and file search functions available on the above devices and accounts. The keyword searches were applied across the following fields where available: email subject lines, email body text, attachment filenames, and file names or metadata associated with locally stored or cloud-stored files. The searches also included review of inbox, sent items, archived folders, attachments, and any files accessible through the above accounts, as well as files and media stored on the above device.

    Based on this reasonable and good-faith search, I did not locate any materials containing TWG Trade Secret Information within my possession, custody, or control. Accordingly, there were no materials to produce or deliver to an escrow agent pursuant to the Permanent Injunction Order.

9.  I further state that I do not possess, control, or have access to any other devices, accounts, or storage locations containing such materials, and I have not retained any TWG Trade Secret Information.

10. To the best of my knowledge after reasonable and diligent checking, I do not retain any TWG Trade Secret Information in any form, including active, inactive, archived, deleted, or backup files, whether stored in email attachments, cloud drives, local storage, shared folders, or any other repositories, and no such materials have been restored or reintroduced into any system under my control.

11. In addition to searching my own devices and email accounts as described above, I made direct inquiry with individuals or entities who may have acted on my behalf or in active concert with me in connection with my prior business activities, as well as my legal counsel. To the best of my knowledge and belief, no TWG Trade Secret Information exists in the possession, custody, or control of any such persons or entities on my behalf. These individuals and entities include those listed in Paragraph 12 below. Based on those inquiries, and to the best of my knowledge and belief after reasonable diligence, no TWG Trade Secret Information exists in the possession, custody, or control of any such persons or entities on my behalf.

**C.  Notice to Third Parties**

12. In compliance with Paragraph 3 of the Injunction, I have personally provided notice and a copy of the Permanent Injunction Order to individuals and entities falling within the categories identified in the Order.

- Date of notice: February 2, 2026
- Names of individuals / entities notified:

  Lanware Solutions LLP - Rejo T, Noufal K

  Lanware Solutions LLC – Najmul B

  Attorneys - Deepak, Manshi, Zubair
- Mode of service: email

13. Although I do not control Lanware Solutions LLC or Lanware Solutions LLP, I nevertheless provided each with notice and a copy of the Injunction in compliance with the Court's Order. To the best of my knowledge after reasonable inquiry, neither entity possesses any TWG Trade Secret Information.

**D.  Continuing Obligation and Conduct**

14. I understand and acknowledge my continuing obligation under Paragraph 5 of the Permanent Injunction Order to notify TWG if any information or materials belonging to TWG are ever discovered in my possession, custody, or control in the future.

15. I have not communicated with any competitor of The Wittern Group regarding TWG Trade Secret Information.

16. I have not directly or indirectly solicited, called on, or attempted to solicit any client or prospective client of The Wittern Group using any TWG Trade Secret Information.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  March 5, 2026.                              Respectfully submitted,

/s/ *Noufal Babu Palliparamban*

Olive Kalista

Arista 18B

Kakkanad, Kerala, India

Phone: +1 6304005313

Email: noufalbabu@gmail.com

**DEFENDANT PROCEEDING PRO SE**

**NOUFAL BABU PALLIPARAMBAN**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 5, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, a copy of which will be served upon all counsel and parties of record registered with the CM/ECF system via Notice of Electronic Filing and via electronic mail.

Jeffrey D. Harty Lynn C. Herndon Dana W. Hempy

NYEMASTER GOODE, P.C.

700 Walnut Street, Suite 1300 Des Moines, Iowa 50309

T: (515) 283-3100

F: (515) 283-3108

E: jharty@nyemaster.com

E:lherndon@nyemaster.com

E:dhempy@nyemaster.com

*/s/ Noufal Babu Palliparamban*